IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Case No. 1:11cv017-MR
[Criminal Case No. 1:08cr088]

| | |
|---|---|
| JOSEPH CARROLL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 1].

**PROCEDURAL HISTORY**

On September 15, 2008, Petitioner pled guilty pursuant to a plea agreement to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:08cr088, Doc. 15]. In exchange for the guilty plea, the Government agreed to recommend a sentence at the bottom of the guideline range. [Id. at Doc. 14].

The probation office prepared a Presentence Report ("PSR") prior to

1

Petitioner's sentencing hearing and cited conduct relevant to the charged offense. [Id. at Doc. 19 (sealed)]. According to the PSR, Jones and two others arrived at a residence to settle a dispute with a man named Daniel Twomey. [Id. at ¶ 5]. Jones entered the residence, produced an assault rifle, and threatened three individuals inside, none of whom were Twomey. [Id.]. He further stated that he would harm Twomey, who was hiding elsewhere inside the residence. [Id.]. After Jones and his two friends departed, Twomey and the others alerted the Buncombe County Sheriff's Department. [Criminal Case No. 1:08cr088, Doc. 19 at ¶ 5]. Jones subsequently was arrested. [Id. at ¶ 6]. The PSR recommended, *inter alia*, a four-level enhancement based on his possession of a firearm in connection with the North Carolina felony offense, "Attempted Assault With Intent to Kill or Seriously Injure." [Id. at ¶ 14].

At sentencing, counsel objected to the enhancement, arguing that Petitioner's conduct at the residence was at most a misdemeanor, either communicating threats or assault by pointing a gun. [Id. at Doc. 29, pp. 4-5]. The presiding judge ultimately overruled Petitioner's objection and, on February 23, 2009, sentenced Petitioner to 46 months' imprisonment, at the bottom of the applicable Guidelines range. [Id. at Doc. 21].

Petitioner filed a direct appeal, arguing that the district court had erroneously applied the four-level enhancement based on an offense that was not a crime in North Carolina. [Id. at Doc. 32]. Upon the Government's motion, the Fourth Circuit Court of Appeals dismissed the appeal, holding that pursuant to his plea agreement, Petittioner had waived his right to appeal his sentence and that the challenged issue fell within the scope of his waiver. [Id.].

On January 26, 2011, Petitioner timely filed this Motion to Vacate, alleging that counsel was ineffective for failing to cite readily available legal authority that "Attempted Assault With Intent to Kill or Seriously Injure" is not a crime in North Carolina. [Doc. 1]. On May 26, 2011, the Government filed a Response conceding ineffective assistance of counsel on that ground. [Doc. 6].

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255.

> If the court finds that ... the sentence imposed was not authorized by law ... or that there has been such a

> denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall ... resentence [the prisoner] ... or correct the sentence as may appear appropriate.

28 U.S.C. §2255(b). The Court may do so without requiring the production of the prisoner at a hearing. 28 U.S.C. §2255(c).

The Petitioner's motion is based on a claim that his attorney rendered ineffective assistance at sentencing. The Supreme Court has stated the test for determining whether a defendant received inadequate assistance of counsel as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. Thus, a defendant must show both that counsel's performance fell below objective standards of reasonableness, and that, but for this conduct, there was a reasonable probability that the result of

4

the trial would have been different. Id. The same Strickland principles apply to claims of ineffective assistance of counsel at sentencing. Williams v. Taylor, 529 U.S. 362, 390, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

**DISCUSSION**

Sentencing Guidelines § 2K2.1(b)(6) provides for a four-level enhancement to the base offense level for firearms-related offenses, where the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6) (2007). The commentary to § 2K2.1 explains that this section applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense" and that "another felony offense" means "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Id. § 2K2.1 cmt. n.14(A) and (C).

In this case, the PSR recommended that Petitioner's offense level be enhanced four levels under § 2K2.1(b)(6) because he committed the § 922(g)(1) offense in connection with felonious "Attempted Assault With Intent to Kill or Seriously Injure." [Criminal Case No. 1:08cr88, Doc. 9 at ¶ 14].

5

When overruling Petitioner's objection to the four-level enhancement, the District Court did not explicitly identify the felony Petitioner had committed that was facilitated by his possession of the firearm. [Id. at Doc. 29, p. 10]. Nevertheless, the only felony suggested by either the probation office or Government counsel was "attempted assault with intent to kill or seriously injure." As Petitioner argues, and the Government concedes, however, there is no such offense under North Carolina law. State v. Currence, 14 N.C.App. 263, 188 S.E.2d 10, 12 (1972), cert. denied 281 N.C. 315, 188 S.E.2d 898 (1972).

Section 14-32 of the North Carolina General Statutes defines three types of felonious assault: (1) assault with a deadly weapon with intent to kill and the infliction of serious injury, a Class C Felony; (2) assault with a deadly weapon and the infliction of serious injury, a Class E Felony; and (3) assault with a deadly weapon with intent to kill, a Class E Felony. N.C. Gen. Stat. §§ 14-32(a)-(c) (2007). Assault with intent to kill, on the other hand, is a misdemeanor, State v. Floyd, 241 N.C. 298, 84 S.E.2d 915, 917 (N.C. 1954) (citation omitted), as are assault with a deadly weapon and assault inflicting serious injury, N.C. Gen. Stat. §§ 14-33(c)(1) (2007). The Court was unable to find, however, any statute or judicial opinion recognizing "assault with intent

to kill or seriously injure" as a criminal offense under North Carolina law. Furthermore, although North Carolina statutory law allows punishment for an attempt to commit a felony or misdemeanor, N.C. Gen. Stat. § 14-2.5 (2007), the North Carolina Court of Appeals has held that because the common law offense of assault includes "an overt act or attempt, or the unequivocal appearance of an attempt," State v. Barksdale, 181 N.C.App. 302, 638 S.E.2d 579, 582 (2007), a defendant cannot be either indicted for or convicted of *attempted* assault, because "one cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt," Currence, 14 N.C. App at 266, 188 S.E.2d at 12, quoting State v. Hewett, 158 N.C. 627, 629, 74 S.E.2d 356, 357(1912).[1]

In arguing that Petitioner's conduct at the residence amounted to nothing more than a misdemeanor, counsel demonstrated that he was unaware that the offense relied on by the probation office *did not exist at all* and, therefore, could not form the basis for enhancing Petitioner's sentence. Counsel knew before sentencing that the PSR recommended a four-level

---

[1] Assault," based on the common law of North Carolina, "is defined as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." State v. Barksdale, supra (internal quotation marks and citations omitted).

7

enhancement based on conduct amounting to "attempted assault with intent to kill or seriously injure."  [Criminal Case No. 1:08cr88, Doc. 19]. Nevertheless, he did not take the basic step of researching the elements of that offense to determine whether the Government could prove them.  Had he done so, he would have discovered that there is no such offense in North Carolina.  Additionally, there was readily available case law stating that North Carolina also does not recognize the offense of "attempted assault."  See Currence, 188 S.E.2d at 12; Barksdale, 638 S.E.2d at 582.  Counsel's failure to investigate the legal basis for the four-level enhancement was objectively unreasonable.  See e.g., Rompila v. Beard, 545 U.S. 374, 383-390, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) (finding counsel's performance deficient for failing to examine the defendant's court file from his previous conviction after being notified by the prosecution that it intended to rely on the previous conviction as an aggravating circumstance at sentencing).

Without the four-level enhancement, Petitioner's adjusted base offense level would have been 17.  [Criminal Case No. 1:08cr88, Doc. 9 at ¶ 21].  With a criminal history category of III, Petitioner's guideline range of imprisonment would have been 30 to 37 months, rather than 46 to 57 months.  U.S.S.G. § 5A (2007).  There is, therefore, a reasonable probability that his sentence

would have been less had the district court been aware that the felony used to recommend the four-level enhancement does not exist under North Carolina law. See Strickland, 466 U.S. at 687.

## ORDER

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **GRANTED**;

2. The Petitioner's sentence in Criminal Case No. 1:08cr88 is hereby **VACATED**;

3. Petitioner's conviction will remain undisturbed, and he will remain in the custody of the Bureau of Prisons pending his resentencing;

4. The Court will schedule Petitioner's resentencing hearing by separate order;

5. The Clerk of Court is directed to send a copy of this Order to the U.S. Marshals, the Bureau of Prisons, and to the Probation Department;

6. United States Probation shall prepare a revised PSR; and

7. The Clerk is directed to take the necessary steps to have counsel appointed to represent Petitioner at his resentencing. See 18 U.S.C. § 3006A.[2]

Signed: August 10, 2011

Martin Reidinger
United States District Judge

---

[2] The Court is assuming that the Petitioner is not now represented by counsel of his choice. If, however, he is now represented by an attorney or chooses to employ one at his own expense, that attorney shall notify the Clerk and the aforementioned appointment of counsel at the government's expense will be terminated.